UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLA MARKOSIAN,<br><br>         Petitioner,<br><br>v.<br><br>PAM BONDI, Attorney General of the United States; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Director of Enforcement and Removal Operations for the United States; GREGORY ARCHAMBEAULT, Director for the San Diego Field Office of ICE Enforcement and Removal Operations; and CHRISTOPHER LAROSE, Warden for Otay Mesa Detention Center,<br><br>         Respondents. | Case No.: 25-cv-3494-JES-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

  Before the Court is Petitioner Alla Markosian's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on December 10, 2025. ECF No. 1 ("Pet."). Respondents filed a return on December 17, 2025. ECF No. 9. Petitioner filed a traverse

1

on December 19, 2025. ECF No. 10. For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a nineteen-year-old citizen of Russia who entered the United States at San Ysidro with her mother and sister on December 12, 2024. Pet. ¶ 14. Petitioner's mother and sister have since been released and live at a fixed residence in California with Petitioner's father. *Id.* ¶¶ 52, 58. Petitioner has remained in custody at Otay Mesa Detention Center for more than 12 months since her arrival. *Id.* ¶ 16.

On June 6, 2025, Petitioner applied for asylum and withholding of removal. *Id.* ¶ 15. While Petitioner's hearing on her asylum claims was initially scheduled for June 24, 2025, her counsel requested a continuance which was granted. ECF No. 7 at 3. On October 1, 2025, an immigration judge ("IJ") found Petitioner credible but denied her applications and ordered her removal. Pet. ¶ 15. Petitioner appealed that decision on October 9, 2025, and that appeal is still pending. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III. DISCUSSION

Petitioner argues that her continued detention without an individualized finding of justification violates the Administrative Procedure Act ("APA") and the Due Process clause. The Court discusses these arguments in turn below.

**A. Administrative Procedure Act**

Petitioner argues first that her continued detention is arbitrary and capricious in violation of the APA. Pet. ¶ 52. Petitioner argues that Respondents' decision to detain her under the mandatory detention provision of 8 U.S.C. § 1225(b) and refuse her parole were arbitrary and capricious because Respondents did not provide a sufficient justification for that decision. *Id.*

Section 1225(b)(1)(A)(ii) applies to applicants for asylum by its plain language, and allows for detention during the pendency of cases. *Jennings v. Rodriguez*, 583 U.S. 281, 283 (2018). Here, Petitioner is an applicant for asylum whose application has been pending since shortly after her arrival. Pet. ¶ 15. In this case where there are no facts to show that 1225(b) does not apply to Petitioner, and no apparent extenuating circumstances regarding her categorization, the Court does not find that Respondents acted arbitrarily and capriciously by applying that statute in her case. The Petition is thus **DENIED** on the basis of the government violating the APA by arbitrarily and capriciously categorizing Petitioner under 1225(b).

**B. Due Process**

Petitioner also argues that her continued detention without individualized justification of detention itself constitutes a deprivation of liberty without due process of law. Pet. ¶ 60. The Court agrees.

As explained above, section 1225(b) anticipates the detention of individuals seeking asylum while their cases are pending, and does not require bond hearings to do so. 8 U.S.C. § 1225(b). At the same time, the Due Process Clause puts serious guardrails on the government's ability to detain any person indefinitely without individualized justification

of detention itself. *Zadvydas v. Davis*, 533 U.S. at 690. For noncitizens subject to final orders of removal, the Supreme Court has held that individualized justification is necessary after a six-month period in which detention is presumptively reasonable to effectuate removal. *Id.* The Supreme Court has made clear that this six-month rule does not apply to noncitizens without a final order of removal. *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (holding that the Ninth Circuit had inappropriately applied the canon of constitutional avoidance, and remanding for consideration of the statutory text and due process concerns). However, at the time of this opinion, there is no controlling authority reconciling the textually unlimited mandatory detention provisions of 8 U.S.C. § 1225(b) and this country's legal axiom, dating back to the founding generation, that no person may be detained for an indefinite time without some process justifying their detention itself. *See, e.g.,* U.S. Const. amend. V, § 1; *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."); *Zadvydas*, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); The Federalist No. 84 (Alexander Hamilton) ("The practice of arbitrary imprisonments has been, in all ages, the favorite and most formidable instruments of tyranny."). Habeas courts are thus called to determine when a person's detention under 1225(b) is prolonged without explanation such that the due process clause is necessarily offended by a total lack of individual process as to their detention itself.

Because this unresolved issue necessarily counterbalances the government's interest in efficient removals against noncitizens' interest in liberty, courts across the country have adopted a balancing test to determine when the constitution requires process regarding detention even absent a final order of removal. In *Banda v. McAleenan*, the Court articulated a series of considerations for cases involving prolonged detention of noncitizens not subject to final orders of removal. 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). The

factors are as follows: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Id.* The court there found that the petitioner was entitled to relief where (1) he was detained for 17 months; (2) his appeal was in process with the Board of Immigration Appeals and still subject to later Ninth Circuit review; (3) the parties had not submitted evidence regarding the conditions of detention; (4) Petitioner was not at fault for delays due to the need for an interpreter; (5) the government was to blame for the slow process of securing a translator; and (6) it was unclear how likely it was that proceedings would result in removal. *Id.* at 1118-20. These factors have since been used by courts across this country, including in eight cases to date in this district. *See Amado v. United States Dep't of Just.*, No. 25CV2687-LL-DDL, 2025 WL 3079052 (S.D. Cal. Nov. 4, 2025) (granting request for a bond hearing for a petitioner held for thirteen months under 1225(b)'s mandatory detention provision); *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654 (S.D. Cal. Oct. 15, 2025) (same); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520 (S.D. Cal. Nov. 12, 2025) (granting request for a bond hearing for a petitioner held for eleven months under 1225(b)'s mandatory detention provision). These factors are also in keeping with, and expand upon, an earlier test from a district court in this Circuit which reviewed total length of detention, likelihood of future detention, and delays in the removal proceedings caused by the government and petitioner. *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). The Court finds the *Banda* factors a comprehensive summary of considerations in prolonged detention claims without final orders of removal, and uses them here as a lens through which to evaluate the constitutionality of Petitioner's detention without process regarding detention.

Courts consider the first factor, time in detention to date, to be the most important in determining the necessity of process regarding detention. *See Banda*, 385 F. Supp. 3d at 1118 ("the length of detention, which is the most important factor"); *Amado v. United*

*States Dep't of Just.*, No. 25CV2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("The total length of detention to date is considered the most important factor."). In this case, Petitioner has been detained for nearly thirteen months. *See Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'" (alteration in original)); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention ... approximately one year. District courts have found shorter lengths of detention ... without a bond hearing to be unreasonable."); *Tonoyan v. Andrews*, No. 1:25-CV-00815-SKO-HC, 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period ... qualifies as prolonged."). The Court also notes regarding length of detention that as a nineteen-year-old, a year constitutes a significant portion of Petitioner's life so far. This factor weighs in favor of finding that Petitioner has a right to due process regarding her detention. *See also Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (finding detention for nearly nine months weighs in favor of the petitioner); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (finding detention of over seven months weighed in petitioner's favor); *Perez v. Decker*, No. 18-CV-5279 (VEC), 2018 WL 3991497, at *5 (S.D.N.Y. Aug. 20, 2018) (finding detention of over nine months weighed in petitioner's favor); *Brissett v. Decker*, 324 F. Supp. 3d 444, 452 (S.D.N.Y. 2018) (finding detention of over nine months weighed in petitioner's favor).

Regarding the second factor, Petitioner's immigration appeal could be pending for a long time yet, as she has not been given a date by which the BIA will adjudicate her claim. Further, Petitioner may still appeal her case to the Ninth Circuit, which, as the *Banda* court noted, could take an additional significant period of time. *See Banda*, 385 F. Supp. 3d at 1118. This factor also weighs in favor of granting relief.

Regarding the third factor, conditions of confinement, Petitioner points to the harsh conditions in immigration lock-down facilities. Pet. ¶ 36. While Petitioner has no criminal

history (*id.* ¶ 14), she is detention at Otay Mesa, which is not meaningfully distinguishable from penal confinement. *See Kydyrali v. Wolf*, 499 F.Supp.3d 768, 772 (S.D. Cal. 2020). This factor weighs in favor of finding she is entitled to due process regarding her detention.

      Regarding the fourth factor, the petitioner's responsibility for delay, Respondents here point out that Petitioner's counsel asked for a continuance of her hearing, which extended the timeline by three months. ECF No. 7 at 3. However, as courts have repeatedly noted, a petitioner's pursuit of defenses to removal should not be held against a determination that they are entitled to due process. *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 965 (D. Minn. 2019) ("Petitioner is entitled to raise legitimate defenses to removal ... and such challenges to his removal cannot undermine his claim that detention has become unreasonable."); *Abduraimov v. Andrews*, No. 1:25-CV-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025) (finding this factor neutral where Petitioner requested continuances and the government exercised its right to appeal, and collecting cases). The Court notes that counsel requesting continuances is common and may occur in good faith for many reasons, including to have more time to investigate cases. Petitioner may face a challenge in finding a prompt and available court date following the requested continuance, through no fault of her own. Thus, the fourth factor weighs very slightly against granting relief.

      Regarding the fifth factor, the government's responsibility for the delay, there is no evidence that the government has delayed adjudication of her claims other than the length of her detention itself. The Court considers this factor to be neutral in this case.

      The sixth factor is likelihood that Petitioner's proceedings will result in removal. The Court does not have enough information to determine the likelihood that her proceedings will result in removal, but notes that it is possible she will be granted withholding on appeal based on her prior credible fear determination. *See* Pet. ¶ 15. This factor weighs slightly in Petitioner's favor.

//

//

In conclusion, the relevant considerations here weigh heavily in favor of Petitioner's claim that due process requires individual findings regarding her detention. The Court thus **GRANTS** the Petition on due process grounds. Petitioner is entitled to a bond hearing in accordance with this order.

At that hearing, Respondents must justify her continued detention by clear and convincing evidence that Petitioner is a flight risk or would pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018) (holding that such burden was proper to determine bond in immigration cases); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (same); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (ordering same bond hearing standard in immigration 2241 petition); *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654, at *6 (S.D. Cal. Oct. 15, 2025) (same); *Idiev v. Warden of the Golden State Annex Det. Facility*, No. 1:25-CV-01030-SKO (HC), 2025 WL 3089349, at *6 (E.D. Cal. Nov. 5, 2025) (same).

## IV.   CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Petitioner's petition for writ of habeas corpus is **GRANTED**;

(2) The Court **ORDERS** Respondents to provide Petitioner with a bond hearing within **ten days** of this Order. At the hearing, the IJ may not deny Petitioner bond on the basis that she is detained under 8 U.S.C. § 1225(b), but must find by clear and convincing evidence that Petitioner is a flight risk or danger to the community;

(3) Respondents are **ORDERED** to File a Notice of Compliance within ten days of providing Petitioner with a bond hearing;

//

//

(4) The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: January 5, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge